# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DESHAWN GARDNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-17-SMY |
| ) | |
| ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **STEPHEN DUNCAN, JOHN COE, and** ) | |
| **SHERRY COLLINS,** ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Motion to Dismiss (Doc. 67) filed by Defendants Dr. John Coe, Sherry Collins, and Wexford Health Sources, Inc. ("Wexford"). Defendants argue that Plaintiff Deshawn Gardner's claims should be dismissed because they were filed after the statute of limitations had expired. Gardner filed a Response (Doc. 81) in opposition to the motion (Doc. 81) and Defendants filed a Reply (Doc. 82).

## BACKGROUND

Deshawn Gardner, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed his original Complaint on January 4, 2019 alleging deliberate indifference in the treatment of an injury to his knee (Doc. 1). Gardner filed an Amended Complaint on December 9, 2019 which added additional factual allegations (Doc. 55).

Gardner alleges the following in the Amended Complaint relevant to his claims against John Coe, Sherry Collins, and Wexford: On April 23, 2016, Gardner met with Collins about his

1

knee injury and asked for a referral to the doctor for an MRI which she denied (Doc. 55, pp. 14-18). He filed a grievance against her on May 5, 2016 (*Id*. at p. 19). Gardner saw Collins again on May 21, 2016 and she referred him to the Medical Director (*Id*. at pp. 19-20).

On May 24, 2016, Gardner saw Dr. Coe and requested an MRI of his left knee which Dr. Coe refused (*Id*. at pp. 20-22). On June 28, 2016, Gardner filed a grievance about Dr. Coe's failure to provide him with an MRI (*Id*. at p. 23). Gardner saw Dr. Coe on July 29, 2016 and again Dr. Coe refused to order an MRI (*Id*. at pp. 27-28). On August 1, 2016, he again saw Dr. Coe for his knee injury but was denied a request for an x-ray (*Id*. at p. 29). Gardner filed another grievance against Dr. Coe that same day (*Id.* at p. 30). He was denied adequate care by Collins and Dr. Coe as part of a cost-cutting policy of Wexford (*Id.* at p. 41).

On August 5, 2016, Gardner was examined by Dr. Matticks who ordered an x-ray of his left knee and put in a collegial review request for an MRI (Doc. 55, pp. 30-31). Gardner received an MRI on August 9, 2016 (*Id*. at p. 33). He was diagnosed with a bucket handle tear of the medial meniscus, moderate knee joint effusion, and partially ruptured baker cyst (*Id*.).

On September 8, 2016, Gardner was referred to a specialist who diagnosed a meniscal tear and recommended orthopedic surgery (*Id*. at p. 34). Gardner underwent surgery on October 31, 2016 (*Id*. at p. 35).

Gardner filed a number of grievances regarding his claims against Collins, Dr. Coe, and Wexford. On May 5, 2016, he filed a grievance about Collins' treatment of his knee injury (Doc. 55, pp. 45-47). The counselor denied the grievance on June 10, 2016 and Gardner forwarded the grievance to the grievance officer (*Id*. at pp. 45, 48). The grievance officer denied the grievance on June 23, 2016 and the Chief Administrative Officer ("CAO") concurred on June 27, 2016 (*Id*.

at p. 48). The Administrative Review Board ("ARB") received the grievance on July 14, 2016 and denied it on February 9, 2017 (*Id*. at pp. 48, 49).

On June 28, 2016, Gardner filed a grievance regarding Dr. Coe's treatment of his knee (Doc. 55, p. 50). The counselor responded to the grievance on August 17, 2016 (*Id*.). In a letter to the ARB, Gardner stated he submitted the grievance to the grievance officer on August 21, 2016 and never received a response (*Id*. at p. 52). When he did not receive a response, he submitted the grievance to the ARB on January 5, 2017 where it was received on January 11, 2017 (*Id*.). The ARB returned the grievance on January 26, 2017 and instructed Gardner to contact his grievance officer (*Id*. at p. 53).

Gardner filed another grievance regarding the medical care provided by Dr. Coe on August 1, 2016 (Doc. 55, pp. 54-56). He marked the grievance as an emergency (*Id*. at p. 57). According to the letter he sent to the ARB along with the grievance on January 5, 2017, he never received a response to the emergency grievance (*Id*.). The ARB returned the grievance on January 26, 2017.

## **DISCUSSION**

A Rule 12(b)(6) motion challenges the sufficiency of the Complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In assessing a Complaint under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007), and must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting

*Thomas v. Guardsmark, Inc.,* 381 F.3d 701, 704 (7th Cir. 2004)).  The allegations of a *pro se* Complaint are to be liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

When a claim is unquestionably past the proscribed statute of limitations, it is subject to Rule 12(b)(6) dismissal.  *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). To determine the statute of limitations applicable in an action under 42 U.S.C. § 1983, federal courts look to the forum state's statute of limitations for personal injury claims.  *Mitchell v. Donchin,* 286 F.3d 447, 450 n. 1 (7th Cir. 2002); *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998).  In Illinois, this time period is two years.  735 ILCS 5/13-202.  Thus, a plaintiff's claims are time-barred if the events giving rise to the cause of action occurred more than two years prior to his filing a Complaint against a defendant.  Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated."  *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993).  The statute of limitations, however, is "tolled while a prisoner completes the administrative grievance process."  *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008) (citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Here, Defendants argue that Gardner did not file his Complaint until after the expiration of the statute of limitations.  They point out that he last saw Collins on May 24, 2016 and the last time he received care from Dr. Coe was on August 1, 2016.  Thus, they argue his claims accrued either on September 8, 2016 when he saw the specialist after receiving the x-ray and MRI that he had previously requested from Defendants, or, at the latest, on October 31, 2016 when he received his orthopedic surgery, making his Complaint filed on January 4, 2019 untimely.

Defendants' motion does not take into account the tolling of the statute of limitations for the completion of the administrative grievance process. And, their reply brief argues that Gardner's exhaustion of his administrative remedies is unrelated to their motion to dismiss and there is no authority for the statute of limitations beginning to run at the conclusion of the administrative grievance process. That is incorrect – the statute of limitations in a § 1983 case is tolled while the plaintiff completes the administrative grievance process. *Johnson*, 272 F.3d at 522.

Gardener filed a grievance against Collins on May 5, 2016 and the grievance process was not completed until February 9, 2017. His two grievances against Dr. Coe were not returned by the ARB until January 26, 2017. As such, the statute of limitations expired was January 26, 2019 at the earliest, and his January 4, 2019 Complaint was timely filed. The Motion to Dismiss (Doc. 67) is therefore is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  September 28, 2020**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**

5