IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DESHAWN GARDNER, K77282,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00017-SMY |
| | ) |
| **WEXFORD HEALTH SOURCE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**YANDLE, District Judge**:

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 123) and the parties' Third Joint Motion to Re-Set Discovery and Dispositive Motions Deadlines (Doc. 132). Plaintiff is proceeding on an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Duncan, Coe, Collins, and Wexford Health Sources, Inc. (Doc. 54, 55). He now seeks to add a state law medical negligence claim. Defendants oppose the filing of a second amended complaint.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). While undue delay alone may be an insufficient basis on which to deny leave to amend, the interests of justice support denial when the delay is combined with unfair prejudice to the nonmoving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

This case was filed on January 4, 2019 (Doc. 1) and the deadline for Plaintiff to seek leave to file an amended complaint as set forth in the Initial Scheduling and Discovery Order was

1

October 15, 2019 (Doc. 30).  Plaintiff's current counsel was recruited on December 14, 2020 (Doc. 96).  The discovery and dispositive motion deadlines have been extended twice since Counsel's appearance in the case (Docs. 116, 122).  While the Court understands the delays in discovery occasioned by COVID-19, those delays don't explain or justify the significant delay in Plaintiff seeking leave to assert a medical negligence claim.  And allowing Plaintiff to add a previously unasserted claim at this juncture would clearly be unduly prejudicial to Defendants.  Plaintiff's motion (Doc. 123) is therefore **DENIED**.

The Court **GRANTS** the parties' joint motion to amend the scheduling order (Doc. 132).  However, the parties are warned that there will be no further extensions of these deadlines.  All discovery, including expert discovery, must be completed by July 22, 2022.  *Daubert* and Dispositive motions must be filed by August 5, 2022.

**IT IS SO ORDERED.**

**DATED:  May 16, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**