IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DESHAWN GARDNER, #K77282,**

        **Plaintiff,**

v.

**WEXFORD HEALTH SOURCES, INC,**
**et al.,**

        **Defendants.**

Case No. 3:19-cv-00017-SMY

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the parties' Joint Motion to Seal Plaintiff's Summary Judgment Response Exhibit E (Doc. 144). "Documents that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This presumption may be rebutted if the party moving to seal documents demonstrates compelling reasons of personal privacy, trade secrets, privileged information, or other non-public financial and business information. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

The document at issue is a copy of certain Wexford Medical Guidelines – a Provider Handbook dated July 9, 2015 (Doc. 142-5). The parties argue that sealing the referenced document is proper for the reasons set forth in this Court's Order in *Youngblood v. Wexford Health Sources, Inc., et al.*, case no. 3:18-cv-01723-SMY, at *2-3 (S.D. Ill. Mar. 31, 2022), in which this Court agreed with District Judge Stephen P. McGlynn's reasoning in *Wilkins v. Overall*, No. 16-CV-01324-SPM, 2021 WL 824954, at *3 (S.D. Ill. Mar. 4, 2021):

> The policies contained in the Medical Guidelines were developed by Wexford at substantial monetary expense using a team of industry experts. These policies are unique and tailored to the provision of medical care in correctional facilities. As

>observed by the Illinois circuit court, they "go into great detail on how to provide treatment to individuals who are incarcerated[.]" *Sergio*, 2015-MR-683. Wexford uses the Medical Guidelines to gain an advantage in competing with other private healthcare companies that also contract with states to provide healthcare to inmates, and disclosure of the policies would cause competitive harm.
>
>…Defendant has sufficiently demonstrated that…the Medical Guidelines contai[n] information that qualify as trade secrets and that Wexford will incur undue harm if the information remains accessible to the public. *See 3M v. Pribyl*, 259 F.3d 587, 595 (7th Cir. 2001)…

(Doc. 203, p. 2) (citing *Wilkins*, 2021 WL 824954 at *3).

The same analysis and conclusion apply here. Accordingly, the motion (Doc. 144) is **GRANTED**.  Plaintiff's Summary Judgment Response Exhibit E (Doc. 142-5) shall **REMAIN SEALED**.

**IT IS SO ORDERED.**

**DATED:   October 18, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**